UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMES D. MERRICK,

  Petitioner,

v.            No. 4:13-cv-00309-JAR

MICHAEL BOWERSOX,

  Respondent.

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner James D. Merrick's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Government responded (Doc. 10). For the following reasons, Petitioner's Section 2254 petition is **DENIED**.

### I. Introduction and Background

Following a jury trial in Crawford County, Missouri, Petitioner was found guilty of robbery in the first degree (Count I), and armed criminal action (Count II) (Resp. Ex. C at 7; Doc. 10 at 1). On October 17, 2005, the trial court sentenced Petitioner to thirty (30) years on Count I and ten (10) years on Count II in the custody of the Missouri Department of Corrections, those sentences to run concurrently (Resp. Ex. F at 69; Resp. Ex. C at 7).

Petitioner filed a notice of appeal in the Court of Appeals of the Southern District of Missouri (Resp. Ex. G at 9). On August 12, 2008, the Court of Appeals affirmed the conviction (Resp. Ex. F at 69; Resp. Ex. C at 9). *State v. Merrick*, 257 S.W.3d 676 (Mo App. 2008).

On December 20, 2005, Petitioner filed a pro se motion to vacate, set aside, or correct his judgment or sentence (Resp. Ex. G at 9; Resp. Ex. F at 69). An amended motion was filed on

1

February 20, 2009 (Resp. Ex. A). Following evidentiary hearings held on April 7, 2009 and July 7, 2009, the Motion Court denied Petitioner's motion on January 5, 2010 (Resp. Ex. B). On November 22, 2010, the Missouri Court of Appeals for the Southern District reversed and remanded the Motion Court's denial of the motion because the Motion Court's findings of facts and conclusions of law, with respect to Petitioner's ineffective assistance of counsel claims, were deemed to be too general and failed to sufficiently address the claims presented (Resp. Ex. E). No additional hearing was held and the Motion Court denied Petitioner's Motion for Post-Conviction relief on November 7, 2011 (Resp. Ex. F). Petitioner appealed the denial on December 8, 2011 (Resp. Ex. G at 12). On November 8, 2012, the Missouri Court of Appeals for the Southern District affirmed the Motion Court's denial of the motion (Resp. Ex. I).

On February 19, 2013, Petitioner filed this instant Section 2254 petition in which he raises the following five grounds for relief:

(1) The Trial Court erred in denying Petitioner's motion for a new trial because the jury saw him in shackles (Doc. 1 at 5);

(2) The Trial Court erred by including the first-degree robbery verdict director (Doc. 1 at 6-8);

(3) Trial counsel rendered ineffective assistance of counsel by failing to file a motion to suppress the second photo lineup utilized by the police and the identification of Petitioner from the lineup (Doc. 1 at 8; Doc. 1-1 at 14-15);

(4) Trial counsel rendered ineffective assistance of counsel by failing to call as witnesses at trial William Wren and Mary Bimslager (Doc. 1 at 10; Doc. 1-2 at 4); and

(5) Trial counsel rendered ineffective assistance of counsel by failing to call as a witness at trial Tammy Abernathy (Doc. 1 at 10; Doc. 1-2 at 7-8).

## II. Analysis

A district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

2

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal courts may not grant habeas relief on a claim that has been decided on the merits in State court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (internal quotation marks omitted)). A State court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 790-791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)). A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). Clear and convincing evidence that state court factual findings lack

3

evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293.

## A. Ground 1: Petitioner in Shackles

In Ground 1, Petitioner asserts that the trial court abused its discretion in overruling Petitioner's amended motion for a new trial because the jury saw him in shackles. Specifically, Petitioner argues that during trial he was shackled in the hallway and rushed past the jurors when he needed to use the restroom or when he returned to the courtroom from lunch (Doc. 1-1 at 7). Petitioner presented this claim on direct appeal, arguing that he was denied a fair trial when jurors observed Petitioner in shackles while being led in and out of the courtroom because shackling is "inherently prejudicial." *State v. Merrick*, 257 S.W.3d 676, 678 (Mo. App. 2008). The Appellate Court determined that the trial court did not abuse its discretion in denying Defendant's amended motion for new trial because the Petitioner failed to make "the requisite showing that a juror actually observed him being escorted to and from the courtroom in shackles." *Id.* at 680. During the hearing on the amended motion, the Appellate Court was not presented with any evidence that any jurors actually observed Petitioner in shackles, only an assertion of such by Petitioner's Counsel. *Id.* Therefore, the Appellate Court denied this point on appeal.

The routine use of "visible shackles" during the guilt phase of a criminal trial is prohibited. *Deck v. Missouri*, 544 U.S. 622, 625 (2007). However, "brief and inadvertent exposure of defendants to jurors is not inherently prejudicial." *U.S. v. Robinson*, 645 F.2d 616, 617 (8th Cir. 1981) (rejecting the argument for presumption of prejudice where a single jury saw defendant in custody after the trial's afternoon recess and outside the courtroom).

Petitioner asserts that the Appellate Court violated clearly established federal law because

4

Petitioner was obligated to prove that the jury had seen him in shackles when the burden of proof should have been placed on the State (Doc. 1-1 at 8). The Court rejects this argument. The standard announced in *Deck*, places the burden of proving a lack of prejudice to the defendant on the State, but this burden does not extend to whether the defendant was actually seen in shackles by the jury. *Deck*, 544 U.S. 622, 634. The Supreme Court separately analyzed whether the record lacked evidence that the jury saw the defendant in restraints and whether the defendant suffered prejudice. *Id.* at 635 ("Where a court... orders the defendant to wear shackles that **will be seen by the jury**, the defendant need not demonstrate actual prejudice ...) (emphasis added). Thus, the Appellate Court's decision is not contrary to or an unreasonable application of federal law.

Furthermore, upon review of the record, the Court finds that Petitioner has been unable to support his claim that any jurors actually observed him in shackles. Petitioner was not shackled in the presence of the jury in the courtroom during the trial. *State v. Merrick*, 257 S.W.3d 676, 679 (Mo. App. 2008). Instead, Petitioner admits that the only times he was in shackles was in the hallway when he needed to use the restroom or when he returned to the court from lunch (Doc. 1-1 at 7). The only evidence proffered for Petitioner's assertion that he was viewed by the jury in shackles on is Petitioner's own claim and his counsel's testimony (Doc. 1-1 at 7); *Merrick*, 257 S.W.3d at 680. These bare assertions are insufficient to support a finding that the jury actually observed Petitioner in shackles. Therefore, since the record does not contain any evidence that any jurors actually observed Petitioner in shackles and Petitioner was free from shackles in the courtroom, Petitioner's ground one claim fails. Ground 1 is denied.

### C. Ground 2: First Degree Robbery Verdict Director

In Ground 2, Petitioner asserts that the Trial Court erred in giving Instruction No. 6, which was the verdict director for the first-degree robbery charge, because it violated his due

5

process rights under the Fourteenth Amendment. Petitioner raised this claim on direct appeal of his conviction (Resp. Ex. F at 75). The instruction stated as follows:

> As to Count I, if you find and believe from the evidence beyond a reasonable doubt:
>
>> First, that on or about 2 March 2005, in the County of Crawford, State of Missouri, the defendant took money and cigarettes, which was property owned by Delano Convenience Store, and
>>
>> Second, that defendant did so for the purpose of withholding it from the owner permanently, and
>>
>> Third, that defendant in doing so used physical force or threatened the immediate use of physical force on or against Diann Melton for the purpose of preventing resistance to the taking of the property, or forcing Diann Melton to deliver up the property, and
>>
>> Fourth, that in the course of taking the property, the defendant was armed with a deadly weapon, or displayed or threatened the use of what appeared to be a deadly weapon,
>>
>> Then you will find the defendant guilty under Count I of robbery in the first degree.
>>
>> However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

*State v. Merrick*, 257 S.W.3d 676, 681 (Mo. App. 2008) (underlining removed). Petitioner argues that the instruction failed to conform with MAI-CR 3d 323.02 and paragraph 5 of the Notes on use, by including certain disjunctives that deviated from the pattern instruction and thereby making it impossible to determine whether the jury's verdict was unanimous (Doc. 1-1 at 11-13).

Where an instruction deviates from a state's standard instructions, instructional error is only a basis for habeas relief where "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991). To obtain habeas relief, the Petitioner must show that there was a 'reasonable likelihood' "that the jury applied the instruction in a way that relieved the State of its burden of proving every

6

element of the crime beyond a reasonable doubt." *Waddington v. Sarausad*, 555 U.S. 179, 190-191 (2009). Accordingly, the Court must determine whether the instruction as given violated Petitioner's right to due process. *Estelle*, 502 U.S. at 71-72; *Hawkins v. Roper*, 2007 WL 2332280, at *10 (E.D. Mo. 2007).

The mere allegation that an instruction differs from the State's pattern instruction, does not of itself create a basis for habeas relief. *Gilmore v. Taylor*, 508 U.S. 333, 344 (1993) ("instructional errors of state law generally may not form the basis for federal habeas relief."). Rather the question is whether the instruction deprived Petitioner of the process he was due pursuant to the Fourteenth Amendment. *Beets v. Iowa Dept. of Corr. Servs.*, 164 F.3d 1131, 1134 (8th Cir. 1999). Prior to determining whether the trial court's reliance on the instruction violated the Petitioner's due process rights, the Court first must determine whether any "error of constitutional dimension" was harmless. *Id.* In determining whether any error was harmless, the Court is to look at the "instruction in question not in isolation but in the context of the entire record." *Id.* at 1135.

Under Missouri law, "A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime, (1) causes serious physical injury to any person; or (2) is armed with a deadly weapon; or (3) uses or threatens the immediate use of a dangerous instrument against any person; or (4) displays or threatens the use of what appears to be a deadly weapon or dangerous instrument." MO. REV. STAT. § 569.020 (2014). Evidence that a defendant threatened an individual with a gun is sufficient to support a conviction for first-degree robbery, under the Missouri case law. *Lewis v. State*, 24 S.W.3d 140, 143-45 (Mo. App. 2000).

After reviewing the entire record, there was sufficient evidence for the jury to reach the

7

result of guilty on Count I. *See Merrick*, 257 S.W.3d at 683 ("At trial, Defendant was positively identified as the robber by Melton. She testified that she had a clear view of Defendant's face for about three minutes... She identified a gun later recovered by police from underneath the seat of a car Defendant was driving "as the same type of gun that was pointed at [her] that day"...). The Appellate Court determined that "the jury could reasonably have found beyond a reasonable doubt that Defendant *used* physical force, and *threatened* the use of physical force, to effectuate the robbery." *Merrick*, 257 S.W.3d at 683 (emphasis in original). Under Missouri law, "a disjunctive submission of alternative means by which a single crime is committed is proper if both alternatives are supported by sufficient evidence and the alternative means are in the same 'conceptual grouping.'" *State v. Fitzpatrick*, 193 S.W.3d 280, 292 (Mo. App. 2006). Further, although Petitioner asserts that his due process rights were violated because there is no way of knowing whether the jury was unanimous in its reasons for determining that Petitioner was guilty of Count I, the jury only need be unanimous as to the ultimate issue of guilt or innocence. *Id.* Accordingly, Ground 2 is denied.

## D. Ineffective Assistance of Counsel Claims

The standard for evaluating a claim of ineffective assistance of trial counsel was set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The Supreme Court articulated that a Petitioner must show that counsel's performance was deficient and that Petitioner was prejudiced by the deficient performance. *Strickland*, 466 U.S. at 687. Counsel's representation is deemed deficient where it fails to meet the standards of reasonable effective assistance, given all the circumstances. *Id.* at 687-88. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. Even where an unreasonable error by counsel occurred, the judgment of a criminal proceeding shall not be set aside if it had no effect on the outcome of the proceeding.

8

*Id.* at 691. Therefore, the Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Federal habeas review of a *Strickland* claim is highly deferential, because "[t]he question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether the determination was unreasonable — a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 113 (2009) (internal quotations and citations omitted).

### 1. Ground 3: Failure to Suppress Evidence

In Ground 3, Petitioner asserts that trial counsel rendered ineffective assistance of counsel by failing to file a pretrial motion to suppress the pre-trial identification and identification at the Preliminary Hearing, and failing to object to the in-court identification of Petitioner by Diann Melton, as the identifications were the product of suggestive line-up procedures. Petitioner asserted this point in his Rule 29.15 motion for post-conviction relief (Resp. Ex. A at 2).

Whether counsel's performance resulted in prejudice need not be reached if the performance was not deficient. *Carroll v. Bowersox*, 2013 WL 3724883, at *21 (E.D. Mo. July 15, 2013). The Motion Court noted that trial counsel testified that he did not believe there were grounds to suppress identification, and articulated at length the reasons he did not file such a motion (Resp. Ex. F at 70). Further, the Motion Court relied on Missouri law that states that the failure of "counsel to file motions to suppress does not of itself establish ineffective counsel." *Lowe v. State*, 468 S.W.2d 644, 646 (Mo. 1971). Because the Motion Court found no deficient performance, it did not address whether the alleged ineffective assistance was prejudicial (Resp. Ex. F at 70). The Appellate Court affirmed the Motion Court's findings (Resp. Ex. H).

The Motion Court reasonably applied the principles of the *Strickland* framework in

9

determining that Petitioner's trial attorney did not provide ineffective assistance of counsel. Counsel's decision not to file pre-trial motions to suppress evidence of the photo lineup or object at trial to the procedures used in obtaining Petitioner's identification, was a reasonable trial-strategy as Counsel testified that he did not believe there were grounds to suppress identification (Resp. Ex. F at 70). *See Griffin v. Delo*, 33 F.3d 895, 901 (8th Cir. 1994) ("When a claim for ineffective assistance of counsel is alleged on the basis of failing to ... act, the reasonableness of the nonfeasance must be assessed in light of all circumstances, and a significant degree of deference given to counsel and his or her professional judgment."); *See also Armstrong v. Kemna*, 534 F.3d 857, 863 (8th Cir. 2008) ("Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment.") (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). Accordingly, the Court finds neither state court issued a decision that was contrary to or an unreasonable application of federal law. Therefore, Ground 3 is denied.

### 2. Grounds 4 and 5: Failure to Call Witnesses

In Grounds 4 and 5, Petitioner asserts that trial counsel rendered ineffective assistance of counsel by failing to call as witnesses William Wren, Mary Bimslager, and Tammy Abernathy. Petitioner raised these claims in his Rule 29.15 motion for post-conviction relief (Resp. Ex. A, at 2). Petitioner alleges that their testimony would have contradicted the testimony of Diann Melton, an eyewitness, would have supported Petitioner's defense that the gun identified at trial as used in the robbery was in Bertrand, Missouri, and would have provided Petitioner with an alibi, specifically that Petitioner was at the home of Tammy Abernathy at the time of the robbery (Doc. 1-1 at 24).

The decision to call a witness at trial is a strategic choice by counsel and such "strategic

choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Armstrong v. Kemna*, 534 F.3d 857, 864 (8th Cir. 2008). However, where there is evidence of lack of diligence in preparation and investigation by counsel, such strategic choices are not protected by the presumption in favor of counsel. *Id.* Where potential witness testimony might have been helpful in rebutting or clarifying evidence, in order to establish a constitutional violation a habeas Petitioner must establish that the "proffered testimony was so important as to put counsel's failure to consult with or call these witnesses outside the wide bounds of strategic choices that counsel is afforded." *Hanes v. Dormire*, 240 F.3d 694, 698 (8th Cir. 2001).

Here, the Motion Court indicated that trial counsel testified he had interviewed each of the witnesses and that they were available to testify, but he had not called the witnesses at trial for reasons having to do with trial strategy (Resp. Ex. F at 70-72). Nothing on the record suggests a lack of diligence in preparation and investigation by counsel. Furthermore, there is no evidence before this Court other than Petitioner's assertions regarding what the witnesses would have testified to if they had been called to testify at trial. Without such evidence, this Court is not in a position to second-guess the strategy of trial counsel or the decision of the state court. Accordingly, the Court finds that the state court reasonably applied *Strickland* and Grounds 4 and 5 are denied.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner James Merrick's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED**.

**FURTHER** the Court finds that, because Petitioner cannot make a substantial showing of

the denial of a constitutional right, the Court will not issue a certificate of appealibility. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998)

A judgment dismissing this case is filed herewith.

Dated this 23rd day of November, 2015.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE